GEORGE KIMBALL *vs.* NATHANIEL MOODY & *al.*

In the *st.* 1839, *c.* 373, establishing district courts, there is no provision like that in some of the former acts for an *appeal* from a judgment on an issue in law or case stated by the parties, unless the damages demanded exceed the sum of two hundred dollars.

In all cases therefore, not falling within the exceptions relating to certain descriptions of actions, where the damages demanded do not exceed that sum, the only provision made for bringing them before this Court is *by bill of exceptions.*

THE action was upon a bond given to procure the release of the principal from an arrest upon an execution, under the poor debtor acts. The action was originally commenced in the Court of Common Pleas, the amount of damages demanded, being less than two hundred dollars. After the act establishing the District Court had gone into operation, the parties agreed upon a statement of facts, each reserving his right to appeal to the Supreme Judicial Court. The District Judge ordered judgment to be rendered for the defendant, and the plaintiff *appealed from this judgment.* On the entry of the action in this Court, the counsel for the defendants moved to dismiss it, because no appeal was allowed in a case like this, the remedy being by exceptions only.

*Child,* for the defendants, said, that the *st.* 1839, *c.* 373, "to abolish the Court of Common Pleas, and establish District Courts," repealed all other acts regulating appeals to the Supreme Judicial Court. With certain exceptions not applicable to the present case,

that act restricts appeals to cases " in which the debt or damage demanded shall exceed two hundred dollars."

*F. Allen,* for the plaintiff.

The opinion of the Court was drawn up by

SHEPLEY J. — This case is presented on an appeal, and not stated in a bill of exceptions ; and the counsel for the defendant insists, that it is not regularly here for consideration.

By the act establishing a Court of Common Pleas, *c.* 193, $ 4, provision was made for an appeal in personal actions wherein any issue was joined and the damage demanded exceeded one hundred dollars. That provision was repealed by the additional act regulating judicial process and proceedings, *c.* 347; and by the fourth section of the latter act provision was made for an appeal in any action originally commenced in the Court of Common Pleas, in which an issue had been joined. This last provision was repealed by the fourth section of the act of the 4th of *March,* 1829, *c.* 444, and the second section authorized an appeal from a judgment upon an issue in law or case stated by the parties, where it was not agreed, that the judgment should be final. The act of 1829 was repealed by the ninth section of the act of *March* 11, 1835, *c.* 165, by the second section of which, provision was again made for appeals from judgments on issues in law and cases stated by the parties. This second section was repealed by the twelfth section of the act to establish District Courts, *c.* 373. And the fourth section of this last act provides for appeals in personal actions wherein any issue is joined and in which the damage demanded shall exceed two hundred dollars ; and the fifth section provides for a revision of any opinion, direction or judgment of that Court in any matter of law by exceptions. There is no provision like that in some of the former acts for an appeal from a judgment on an issue in law or case stated by the parties unless the damages demanded exceed the sum of two hundred dollars. In all cases therefore where the damages demanded do not exceed that sum, the only provision made for bringing them before this Court, is by bill of exceptions.

In examining these several statutes, it will be perceived, that no notice has been taken of certain exceptions relating to the action

of trespass and certain other actions, or of the consequences resulting from appeals in certain cases; for they did not affect the question under consideration.

The result is, that there existed no right of appeal from the judgment in this case, and the suit must be dismissed.

*Note by the Reporter.* By the Revised Statutes, c. 97, § 13, " any party, aggrieved at the judgment of any district court, on any demurrer or agreed statement of facts," may *appeal therefrom* to the next Supreme Judicial Court.